# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN WAYNE HELTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20-cv-00051 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HENRY COUNTY, VIRGINIA, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Kevin Wayne Helton, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, naming Henry County, Virginia, as the sole defendant. Having reviewed Helton's amended complaint, the court concludes that Helton has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the amended complaint without prejudice under 28 U.S.C. § 1915A(b)(1).

## I.

The following facts are taken from the amended complaint, its accompanying exhibits, and available state court records. *See Philips v. Pitt Cnty. Mem. Hosp*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that in deciding whether a complaint is subject to dismissal for failure to state a claim, the court "may properly take judicial notice of matters of public record" and "also consider documents attached to the complaint . . . , so long as they are integral to the complaint and authentic") (citations omitted).

In January of 2018, Helton was indicted by a grand jury in the Circuit Court of Henry County. The indictments charged Helton with grand larceny, felony destruction of property,

and breaking and entering with the intent to commit larceny. *See Commonwealth v. Helton*, CR18000024-00, CR18000025-00, CR18000026-00, CR18000027-00, and CR18000028-00, available at http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp (last visited June 7, 2021).

On February 26, 2018, the Clerk of the Circuit Court of Henry County signed an order for continued custody which directed correctional officials to detain Helton pending an upcoming hearing. In addition to the property offenses charged in the indictments, the order incorrectly indicated that Helton had been charged with possession of child pornography. All of the charges listed in the order—including the incorrect charge—were recorded in an inmate database available to the public. Helton alleges that the false information "severely damaged [his] reputation" and caused him to be "physically assaulted by three inmates in June 2018." (Am. Compl. 3–4 [ECF No. 11].)

On July 13, 2018, the Clerk's office faxed the Western Virginia Regional Jail a copy of an amended order for continued custody. The fax cover sheet included a note emphasizing that the amended order "show[s] that Mr. Helton is *not* being held on CR170005030-00 [for possession of] child porn," and that "that case number belongs to another defendant and was entered erroneously." (Am. Compl. Ex. [ECF No. 11 at 5].)

On October 31, 2018, Helton was convicted of the charged property offenses, and the Circuit Court sentenced him to an active term of imprisonment.

## II.

On January 24, 2020, Helton filed this action under 42 U.S.C. § 1983 against Henry County. By order entered June 9, 2020, the court advised Helton that his complaint failed to state a claim against the named defendant. The court gave Helton the opportunity to file an

amended complaint and advised him that the amended complaint must specifically describe how each defendant violated his federal rights.

Helton filed an amended complaint on June 29, 2020, once again naming Henry County as the sole defendant. The amended complaint sets forth three claims for relief. First, Helton claims that the publication of the false child pornography charge damaged his reputation in violation of the Fourteenth Amendment. Second, Helton claims that he was falsely imprisoned on the basis of the erroneous charge in violation of the Fourth Amendment. Third, Helton claims that the false information placed him in danger of physical harm at the hands of other inmates in violation of the Eighth Amendment.

On January 25, 2021, Helton submitted a letter in support of his claims. In the letter, Helton noted that the order for continued custody was signed by the Clerk of the Circuit Court of Henry County but that he does not know whether the Clerk was responsible for including the incorrect charge information. Helton stated that "what [he does] know is that this false information started/began with [an] error on Henry County, VA['s] part" and that his research has confirmed that a municipality can be held liable under § 1983. (Pl.'s Letter 1 [ECF No. 14].)

### III.

Under § 1915A, the court is required to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state

amended complaint and advised him that the amended complaint must specifically describe how each defendant violated his federal rights.

Helton filed an amended complaint on June 29, 2020, once again naming Henry County as the sole defendant. The amended complaint sets forth three claims for relief. First, Helton claims that the publication of the false child pornography charge damaged his reputation in violation of the Fourteenth Amendment. Second, Helton claims that he was falsely imprisoned on the basis of the erroneous charge in violation of the Fourth Amendment. Third, Helton claims that the false information placed him in danger of physical harm at the hands of other inmates in violation of the Eighth Amendment.

On January 25, 2021, Helton submitted a letter in support of his claims. In the letter, Helton noted that the order for continued custody was signed by the Clerk of the Circuit Court of Henry County but that he does not know whether the Clerk was responsible for including the incorrect charge information. Helton stated that "what [he does] know is that this false information started/began with [an] error on Henry County, VA['s] part" and that his research has confirmed that a municipality can be held liable under § 1983. (Pl.'s Letter 1 [ECF No. 14].)

### III.

Under § 1915A, the court is required to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**IV.**

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. It is well settled that a municipality like Henry County is a "person" to whom § 1983 applies. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Nonetheless, "the Supreme Court has expressly cabined [municipalities'] liability: under *Monell*, a municipality is liable only for its *own* illegal acts." *Owen v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014) (emphasis in original) (citing *Monell*, 436 U.S. at 691). Municipalities are not vicariously liable under § 1983 for actions taken by their employees or agents. *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

"When a § 1983 claim is asserted against a municipality, two issues must be determined: '(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city [or county] is responsible for that violation.'" *Covenant Media of S.C., LLC v. City of N. Charleston*, 493 F.3d 421, 436 (4th Cir. 2007) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992)). For the following reasons, the court concludes that the allegations in Helton's amended complaint are insufficient to satisfy either requirement for municipal liability.

**A.**

With respect to the first requirement, Helton has not adequately pled a constitutional violation resulting from the false information stated in the order for continued custody or the inmate database. To the extent Helton claims that the public dissemination of the erroneous child pornography charge negatively affected his reputation, reputational harm alone does not implicate an interest protected by the Due Process Clause of the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 711–712 (1976); *see also Tigrett v. Rector & Visitors of the Univ. of Va.*, 290 F.3d 620, 628 (4th Cir. 2002) (emphasizing that the Supreme Court "has plainly and repeatedly recognized that an injury to reputation alone does not deprive an individual of a constitutionally protected liberty interest."). Additionally, Helton does not plausibly allege that the error in the detention order or the inmate database was the result of anything other than mere negligence, and "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

To the extent Helton alleges that he was falsely imprisoned on the basis of the erroneous charge, the amended complaint fails to state a Fourth Amendment violation. "The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996) (citing *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)); *see also Gregory v. City of Louisville*, 444 F.3d 725, 750 (6th Cir. 2006) (observing that claims of continued detention without probable cause are appropriately analyzed under the Fourth Amendment). Thus, to state a claim for false arrest or imprisonment under § 1983, a plaintiff must demonstrate that he was detained without probable cause. *Sowers v. City of*

*Charlotte*, 659 F. App'x 738, 739 (4th Cir. 2016) (citing *Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974)). When a party is held on multiple charges, if probable cause existed for "any of the charges made," the arrest or detention was supported by probable cause and a claim for false arrest or imprisonment fails. *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) (internal quotation marks and citation omitted); *see also Gantt v. Whitaker*, 57 F. App'x 141, 149 n.7 (4th Cir. 2003) (noting that "courts have held that an officer must have probable cause for at least one charge for an arrest on multiple charges to withstand a Fourth Amendment challenge") (citations omitted).

Here, the order for continued custody and other state court records indicate that Helton was ordered to be held in custody after being charged with multiple property offenses. The state court records also confirm that Helton was convicted of the property offenses listed in the order. Helton's convictions are "conclusive evidence of probable cause," and therefore bar his Fourth Amendment claim. *Marsh v. Com. & Sav. Bank of Winchester, Va.*, 265 F. Supp. 614, 620 (W.D. Va. 1967); *see also Brewster v. Woodward & Lothrop, Inc.*, 530 F.2d 1016, 1017 (D.C. Cir. 1976) ("It is well settled under Virginia law that criminal conviction establishes, without the necessity of other proof, the existence of the element of probable cause to arrest and prosecute, which is a complete defense to actions for malicious prosecution, false arrest, and defamation.").

The amended complaint also fails to state a cognizable claim for deliberate indifference to a risk of harm from other inmates in violation of the Eighth or Fourteenth Amendment. Although the Eighth Amendment protects convicted prisoners from cruel and unusual punishment, the due process rights of a pretrial detainee are "at least as great as the Eighth

Amendment protections available to a convicted prisoner." *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983). Consequently, "courts routinely utilize Eighth Amendment standards to analyze conditions-of-confinement claims brought by pretrial detainees." *Smith v. Whitley*, No. 5:17-cv-70374, 2018 WL 2770207, at *4 (W.D. Va. June 8, 2018). Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks omitted). Not "every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety," however. *Id.* at 834. To state a valid claim under the Eighth Amendment, "a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions," and he "must demonstrate that the prison official had a sufficiently culpable state of mind." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (internal quotation marks and citations omitted). In cases like this one, "that state of mind is one of 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834 (citations omitted).

In the Eighth Amendment context, deliberate indifference is a subjective standard, meaning that an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "The standard to find an individual deliberately indifferent under the Fourteenth Amendment, however, is less clear." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th 2016). In *Kingsley v. Hendrickson*, the Supreme Court held that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." 576 U.S. 389, 397 (2015). "But *Kingsley* did not address the standard for deliberate indifference" to a pretrial detainee's health or safety,

and "the circuits are split on whether *Kingsley* eliminated the subjective component of the deliberate indifference standard by extending to Fourteenth Amendment claims outside the excessive force context." *Strain v. Regaldo*, 977 F.3d 984, 990 (10th Cir. 2020) (footnote omitted); *see also Mays v. Sprinkle*, 992 F.3d 295, 300–01 & n.4 (4th Cir. 2021) (acknowledging the circuit split and declining to decide whether *Kingsley* altered the standard for deliberate indifference claims under the Fourteenth Amendment). In any event, regardless of whether deliberate indifference is governed by an objective or subjective standard, mere negligence is insufficient under either standard. *See Farmer*, 511 U.S. at 835 (observing that "deliberate indifference entails something more than mere negligence"); *Darnell v. Pineiro*, 849 F.3d 17, 35–36 (2d Cir. 2017) (concluding that "deliberate indifference should be defined objectively for a claim of a due process violation" but emphasizing that "any § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence") (citing *Kingsley*, 576 U.S. at 396).

Helton claims that the erroneous charge of possessing child pornography "put [his] safety and general well being at danger" and was "the cause of [him] being physically assaulted by three inmates." (Am. Compl. 4.) Helton, however, does not plausibly allege that the error in the order for continued custody or the inmate database was the result of anything other than mere negligence.[1] Consequently, Helton's amended complaint does not plead a cognizable violation of the Eighth or Fourteenth Amendment.

---

[1] But the court would be remiss if it didn't note that this type of mistake is unacceptable. The court hopes that the Henry County Circuit Court Clerk agrees and will take appropriate steps to ensure that it doesn't happen in the future.

In the absence of an underlying constitutional violation, "there can be no municipal liability." *Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999). Helton's allegations therefore fail to satisfy the first requirement for municipal liability under § 1983.

**B.**

Helton's allegations also fail to satisfy the second requirement—that his injuries resulted from a municipal policy or custom. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 31–32 (2010) (citing *Monell*, 436 U.S. at 694). In *Monell*, the Supreme Court held that a municipality is subject to liability under § 1983 only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury . . . ." 436 U.S. at 694. "The requirement that the allegedly unconstitutional act stems from an established municipal policy or the actions of a final policymaker ensures that the municipality is 'responsible' for the alleged violations of a plaintiff's constitutional rights." *Santos v. Frederick Cnty. Bd. of Comm'rs*, 725 F.3d 451, 470 (4th Cir. 2013) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)).

Helton's amended complaint is devoid of any allegations suggesting that his injuries are attributable to an official policy or custom of the county or the actions of a final county policymaker. *See id.* The only government official identified by Helton—the Clerk of the Circuit Court of Henry County— is a state constitutional officer. *Hilton v. Amburgey*, 96 S.E.2d 151, 152 (Va. 1957); *see also* Va. Const. art. VII, § 4. "While constitutional officers may perform certain functions in conjunction with units of county or municipal government, neither the officers nor their offices are agencies of such governmental units." *Caraway v. Hill*, 574 S.E.2d 274, 276 (Va. 2003); *see also Roop v. Whitt*, 768 S.E.2d 692, 695–96 (Va. 2015) (emphasizing that

constitutional officers "exist independent from the local government" and "are not local employees"). Consequently, the Clerk of the Circuit Court is not a final policymaker for purposes of municipal liability, and Henry County cannot be held liable for the Clerk's actions. *See Weiner v. Albemarle Cnty.*, No. 3:17-cv-00046, 2018 WL 542979, at *8 (W.D. Va. Jan. 24, 2018) (holding that the county was not liable under § 1983 for the actions of the commonwealth's attorney since the commonwealth's attorney is a state constitutional officer rather than a policymaker for the county).

## V.

For the reasons stated, the court will dismiss Helton's amended complaint without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTERED** this 22nd day of June, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE